# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-31073

TRANSCONTINENTAL GAS PIPE LINE CORPORATION

Plaintiff - Appellee

v.

SOCIETE D'EXPLOITATION DU SOLITAIRE SA; ALLSEAS USA INC;
ALLSEAS MARINE CONTRACTORS SA; GULFTERRA ENERGY
PARTNERS LP; ENTERPRISE PRODUCTS PARTNERS LP; ENTERPRISE
GTM HOLDINGS LP; CAMERON HIGHWAY OIL PIPELINE CO

Defendants - Appellants

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-1295

Before REAVLEY, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellants Societe D'Exploitation du Solitaire, along with other affiliated entities (collectively "Allseas"), appeal the district court's damages award in favor of Plaintiff-Appellant Transcontinental Gas Pipe Line Corporation ("Transco"). For the reasons set forth below, we affirm.

## I. FACTS AND PROCEEDINGS

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This appeal arises out of a dispute regarding damages to a pipeline. In early April of 2004, while installing a pipeline in the Gulf of Mexico, one of Allseas's ships deployed its anchor which became lodged in a pipeline owned and operated by Transco. In an attempt to retrieve the anchor, Allseas damaged Transco's pipeline by displacing it from its concrete trench.

The parties initially surveyed the damage and attempted to cooperate in the repair efforts. Ultimately, this process broke down and each party undertook its own investigation to determine the extent of the damage and the length of pipeline that needed to be replaced. Allseas argued that replacing only part of the damaged pipeline would be adequate while Transco submitted that the entire length of the pipeline displaced—1200 feet—needed to be replaced.

Because they could not agree on a resolution, on April 4, 2005, Transco commenced suit. Allseas conceded liability but retained the right to dispute the damage amount. Transco claimed over $10.5 million in repair costs and $654,742 in lost revenue. Transco also sought pre-judgment interest. Allseas conceded that Transco was entitled to $8.7 million but challenged certain invoiced costs as not being related to the pipeline damage. It further maintained that pre-judgment interest was not warranted but did not dispute the lost revenue amount.

On September 20, 2007, following a bench trial, the district court found for Transco, awarding the company its full repair costs as well as lost revenue, pre-judgment interest, and post-judgment interest.[1] Allseas appealed, arguing that the district court erred in its application of the standard of proof for damages

---

[1] Allseas does not challenge the district court's award of post-judgment interest.

cases, miscalculated the total repair costs,[2] and should not have awarded Transco pre-judgment interest.

## STANDARD OF REVIEW

"When a judgment after a bench trial is on appeal, we review the findings of fact for clear error and the legal issues de novo. Under the clearly erroneous standard, we will reverse only if we have a definite and firm conviction that a mistake has been committed." Canal Barge Co. v. Torco Oil Co., 220 F.3d 370, 375 (5th Cir. 2000) (citation omitted). A district court's determination of damages is an issue of fact and therefore reviewed under the clearly erroneous standard. Id. at 379. Where the credibility of witnesses is a factor in the district court's decision, "[t]he burden of showing that the findings of the district court are clearly erroneous is heavier" because "due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Id. at 375 (quotations omitted). Furthermore, we have long held that "[d]istrict courts are given broad discretion in rulings on the admissibility of evidence; we will reverse an evidentiary ruling only when the district court has clearly abused this discretion and a substantial right of a party is affected." Rock v. Huffco Gas & Oil Co., 922 F.2d 272, 277 (5th Cir. 1991) (internal quotation and alternation omitted). When reviewing a sufficiency-of-the-evidence claim in a bench trial, this court must determine whether the trial court's findings are supported by

---

[2] At trial, Allseas admitted that Transco is entitled to $8.7 million in repair costs plus interest from the date of the anchor damage. Allseas now argues that the repair project should have only cost $3.4 million and only 200 feet of the damaged pipeline should have been replaced. Having waived the argument, Allseas cannot now raise the issue on appeal. See, e.g., Lemaire v. Louisiana, 480 F.3d 383, 387 (5th Cir. 2007). Nevertheless, Allseas's contention that certain invoiced items should not have been charged as part of the repair project is properly before this court.

"substantial evidence." United States v. Ybarra, 70 F.3d 362, 364 (5th Cir. 1995). A claim challenging the award of pre-judgment interest is reviewed for abuse of discretion. Curry v. Fluor Drilling Servs., Inc., 715 F.2d 893, 896 (5th Cir. 1983).

## III.  ANALYSIS

### A.  Standard of Proof in Damages Cases

Allseas asserts that the district court misapplied the basic principles of damages and its decision should be reviewed de novo.  The company states that the court should have sought to return Transco to its pre-accident position where the pipeline operated below optimal capacity rather than allowing Transco to make repairs that placed the pipeline at full capacity.  Arguing that the district court erred in applying the standard of proof for damages, Allseas asserts that the district court did not assess whether Transco carried its burden but only found that the company's reliance on expert advice was reasonable.  Allseas further argues that the district court erred because it admitted into evidence expert testimony which was really "junk science."  While Allseas does not make a sufficiency-of-the evidence argument, it appears that its contentions are an attempt to bring this point of error before the court.

Transco responds that Allseas misunderstands the legal standard for damages and mischaracterizes the district court's ruling, asserting that the district court expressly stated that the damages ruling was based on the court's review of exhibits, depositions, and the parties' proposed findings of fact and conclusions of law.  Transco maintains that the district court found its expert testimony credible and determined that any margin of error in the analysis was outweighed by other factors.  Thus, the district court's decision should be reviewed for clear error.

"The purpose of compensatory damages . . . is to place the injured person as nearly as possible in the condition he would have occupied if the wrong had not occurred." Pizani v. M/V Cotton Blossom, 669 F.2d 1084, 1088 (5th Cir. 1982) (quotation omitted). In cases of maritime collision,[3] the maximum recoverable damages are those established by the doctrine of restitutio in integrum. This principle measures damages as the "cost of necessary repairs and the loss of earnings while they are being made." Delta Marine Drilling Co. v. M/V Baroid Ranger, 454 F.2d 128, 129 (5th Cir. 1972).

The party claiming damages bears the burden of proof on the fact, as well as the amount, of damages. Pizani, 669 F.2d at 1088. "Damages need not be proved with exact degree of specificity. It suffices if a state of facts is shown from which a court or jury can find with reasonable certainty that the damages claimed were actually or may be reasonably inferred to have been incurred" due to the injury. Mitsui O.S.K. Lines, K.K. v. Horton & Horton, Inc., 480 F.2d 1104, 1106 (5th Cir. 1973).

A review of the record demonstrates that the district court applied the appropriate legal standard and had ample evidence to find that Transco met its burden of proving damages. The district court first set forth the basic damages principle that remedies ought to restore the injured party to the position he enjoyed prior to the wrongful act. In its findings of fact, the court specifically found that Transco was justified in seeking to restore the pipeline to its normal operating range. Transco was in a position to use its pipeline's full capacity

---

[3] We note that, in causes of action arising under maritime law, "the damages issues are decided under federal rather than state law." Pizani, 669 F.2d at 1088 n.2 (quotation omitted).

before the accident and the damages award returned them to that same position. There is no indication—and Allseas does not argue—that Transco sought to somehow improve its pipeline beyond its original condition.

The court's decision correctly cited Fifth Circuit precedent on maritime damages—specifically setting forth the holdings of Delta Marine as well as Pizani and Mitsui O.S.K. Lines—and appropriately applied the law to the facts before it. Transco carried its burden of proof by: (1) providing invoices detailing the costs of the pipeline replacement, and (2) introducing testimony regarding the company's cost-tracking system to establish the accuracy of the invoices. A review of the record shows that the district court had several hundred invoices before it, along with back-up data and detailed summaries. Testimony explaining how invoices were reconciled and checked for accuracy was also introduced. Thus, the district court had ample evidence before it to find that Transco met its burden of proving damages. The court's findings of fact, announced at the close of the bench trial, also determined that Transco was reasonable in relying on its expert's recommendations in making repairs. The reliability of the expert reports and the analysis undertaken to determine the repairs required was established by the district court.

Allseas's next argument that the district court should be reversed because Transco's expert relied on "junk science" is without merit. The record shows that the district court did not commit clear error in evaluating Transco's expert testimony and in choosing to rely upon this evidence in its holding.

It is the trial judge's function to ensure the expert testimony is both reliable and relevant. Daubert v. Merrell Down Pharm., 509 U.S. 579, 589 (1993). The district court must evaluate both the "methodology and the

applicability of contested scientific evidence in admissibility decisions." In re Joint E. & S. Dist. Asbestos Litig., 52 F.3d 1124, 1132 (2d Cir. 1995). We have long held that "[b]ecause a district court has broad discretion in deciding the admissibility vel non of expert testimony, we will not find error unless the ruling is manifestly erroneous." Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir. 2004).

In its findings of fact, the district court stated that Transco's expert was highly qualified in the area of pipeline damage assessment based on his years of experience in the field of offshore pipeline engineering. The expert's approach as well as the equipment used to assess the damages to the pipeline were also found to be reasonable and reliable. The court further stated that the "unknowns" present in the accident made the "potential for danger more serious" and therefore substantiated, rather than undermined, the reasonableness of replacing the entire length of displaced pipeline. The district court analyzed the evidence and found Transco's expert evidence credible and reliable; it committed no clear error.

B. Calculation of Reasonable Repair Costs

Allseas argues that the district court improperly calculated Transco's damages by: (1) accepting unreliable invoices and testimony as proof of expenditure; (2) allowing unrelated charges to be calculated as part of the damages award; and (3) determining that Transco was entitled to the applicable mark-ups in its repair contracts. Allseas also asserts that Transco failed to mitigate damages and its compensable recovery should therefore be decreased. In essence, Allseas's arguments are a sufficiency-of-the-evidence challenge to the district court's damages award.

Transco responds that the district court had ample evidence before it upon which to make the determination that Transco was entitled to its claimed repair costs and that all charges were related to the necessary repairs. Citing Delta Marine, Transco argues that costs of repair, incidental expenses, and attendant lost earnings are the appropriate measure of recovery.

While Allseas seems to argue that Transco could have repaired the pipeline in a more cost-effective manner, this is not the standard for damages recovery. As this court stated in Mitsui O.S.K. Lines, an injured party is entitled to recovery if a set of facts is presented whereby the trier of fact can find, with reasonable certainty, that the damages claimed were incurred as a result of the harm suffered. 480 F.2d at 1106.

Because the damages award is a factual determination, we review for clear error. Furthermore, because Allseas lodges a sufficiency-of-the-evidence attack on the district court's decision, we must determine whether the district court had sufficient evidence before it to substantiate its determination.

Allseas's assertions of error are without merit. The district court had sufficient evidence before it from which to determine that the invoices and testimony were reliable, the charges challenged by Allseas were in fact related to the repairs and reasonable, and the repair contracts did not set out unnecessary mark-ups. As previously noted, the district court evaluated the credibility of witnesses who testified regarding Transco's billing system and its methods of reconciling invoices. The district court also reviewed the contracts Transco entered into in order to undertake the repairs along with the time-sheets and invoices setting out the costs associated with each task. The district court found these contracts reasonable. The district court also ruled on seven

line-items challenged by Allseas and found that Transco was entitled to recovery on all seven. Allseas revives all seven assertions on appeal but provides no basis on which this court can find clear error, especially since the district court had voluminous evidence before it to find in Transco's favor.

Allseas also fails in its assertion that Transco should have mitigated its damages. Where the tort-feasor challenges the injured party's damages calculation, arguing that he failed to mitigate the harm, the tort-feasor must demonstrate: "(1) that the injured party's conduct after the accident was unreasonable and (2) that the unreasonable conduct had the consequence of aggravating the harm." Marathon Pipe Line Co. v. M/V Sea Level II, 806 F.2d 585, 592 (5th Cir. 1986). Allseas never states what conduct on the part of Transco was unreasonable nor how this conduct exacerbated the pipeline damage. The mitigation argument is a renewal of its assertions that the repairs should have cost less and is another attempt to call into question Transco's damages claim. For the reasons already discussed, this argument fails.

C. Pre-Judgment Interest Award

Allseas argues that Transco is not entitled to pre-judgment interest and the district court should be reversed for finding otherwise. While conceding that pre-judgment interest is typically awarded in admiralty cases, Allseas asserts that this case presents specific facts—particularly that "Transco has unjustly inflated its claim by millions of dollars"—which militate against awarding such interest. As further grounds for error, Allseas states that the district court should be reversed because: (1) it erred in finding that interest should accrue from the date of the accident; and (2) the court should have chosen the interest

on the date of the accident rather than the average interest rate between the date of injury and the date of judgment.

Transco asserts that no special circumstances exist to deprive it of pre-judgment interest typically awarded in maritime cases. Further, Transco points out that awarding pre-judgment interest from the date of injury is the rule in this circuit and argues that the district court did not abuse its discretion in awarding the average interest rate.

In Ryan Walsh Stevedoring Co. v. James Marine Services, Inc., 792 F.2d 489, 492 (5th Cir. 1986), we held that "an award for prejudgment interest in actions under the general maritime law is the rule rather than the exception; prejudgment interest must be awarded unless unusual circumstances make an award inequitable." The award of pre-judgment interest is "committed to the sound discretion of the district court." Marathon Pipe, 806 F.2d at 593. Furthermore, pre-judgment interest is usually awarded from the date of accident. Id. Allseas has provided no special circumstances to deprive Transco of the usual protections under maritime law.

In setting the rate, district courts may look to "the judgment creditor's actual cost of borrowing money or to other reasonable guideposts indicating a fair level of compensation." Bosnor, S.A. de C.V. v. Tug L.A. Barrios, 796 F.2d 776, 786 (5th Cir. 1986) (quotation omitted). The district court held that the average rate of interest between the date of the accident and judgment was appropriate. While the district court did not give a detailed explanation for this determination, it did balance the equities between the parties and determined that neither should be placed at a financial disadvantage by virtue of fluctuating

interest rates. There is nothing to indicate that such an analysis amounts to abuse of discretion.

The district court did not abuse its discretion in finding that Transco is entitled to pre-judgment interest, setting the accident date as the date from which interest was to accrue, and selecting the average rate of interest.

## CONCLUSION

The judgment of the district court is AFFIRMED.